NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD VINCENT RAY, Jr., | No. 16-15886 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00252-GMS |
| v. | |
| CARLO MACERI, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Edward Vincent Ray, Jr., who was housed in Arizona when he filed this

action, appeals pro se from the district court's summary judgment in his 42 U.S.C.

§ 1983 action alleging retaliation.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Broadheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009).  We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment because Ray failed to raise a genuine dispute of material fact as to whether defendant Maceri's allegedly retaliatory cell search failed to advance a legitimate penological purpose. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[P]laintiff bears the burden of . . . proving the absence of legitimate correctional goals for the conduct of which he complains.").

The district court did not abuse its discretion in denying Ray's request for judicial notice. *See* Fed R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                                            16-15886